UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RISTA MALANCA, IWWC,                    :

    Plaintiff,                              :

        vs.                                     : No. 3:11cv0056(SRU)(WIG)

KEYIN T. WORTH,                          :

    Defendant.                              :
-------------------------------------------------X

## RECOMMENDED RULING OF REMAND

Defendant, Keyin T. Worth, who is pro se, seeks to remove Plaintiff's complaint from State court to federal court. In conjunction with the notice of removal, he has filed a motion to proceed in forma pauperis under 28 U.S.C. § 1915, which the Court has granted based on the financial information he provided. However, the same statute that authorizes the Court to grant in forma pauperis status to a party, also contains a provision that protects against abuses of this privilege. Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that ---- (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (emphasis added). While "frivolous" may be harsh language, it is a term of art that has a precise meaning and is not intended to be insulting. A claim is "frivolous" if it lacks an arguable basis either in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998); Hidalgo-Disla v. INS, 52 F.3d 444, 446-47 (2d Cir. 1995). This analysis necessarily requires the Court to determine whether it has subject matter jurisdiction over the action. See Patterson v. Rodgers, 708 F. Supp. 2d 225, 232 (D. Conn. 2010).

A federal court is a court of limited jurisdiction. U.S. Const., Art. III. In order for this Court to exercise subject matter jurisdiction, the complaint must set forth a colorable claim under the United States Constitution, a federal statute or under a treaty of the United States, thus creating "federal question" jurisdiction pursuant to 28 U.S.C. § 1331. Otherwise, there must be complete diversity of citizenship between the plaintiff and the defendant – which does not exist in this case – and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); see generally Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 363 (2d Cir. 2000) (discussing the two categories of subject matter jurisdiction).

This Court has a duty to review a plaintiff's complaint at the earliest opportunity to determine whether it has subject matter jurisdiction. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 107 (2d Cir. 1997); Univ. of South Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Thus, where jurisdiction is lacking, dismissal is mandatory. See Lydonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000); Manway Constr. Co. v. Housing Auth. of Hartford, 711 F.2d 501, 503 (2d Cir. 1983).

Plaintiff's complaint, which was filed in State court, contains a single count alleging that Defendant violated various State statutes and State regulations governing wetlands. It does not assert a claim arising under the Constitution, laws or treaties of the United States, as required for federal question jurisdiction under 28 U.S.C. § 1331.

Defendant, however, has asserted a plethora of affirmative defenses based on federal law, including an unconstitutional taking under the Fifth Amendment to the U.S. Constitution,

violations of federal RICO statutes, violation of the Federal Tort Claims Act, and violations of the Interstate Commerce Act. It appears that Defendant is basing his assertion of federal question jurisdiction on these federal defenses that he raised in his answer.

In order for a complaint to be removable to federal court on the basis of federal question jurisdiction, the federal question must appear on the face of the complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). This is what is known as the "well-pleaded complaint rule." Id. This rule makes the plaintiff the master of the complaint. He or she may avoid federal question jurisdiction by relying exclusively on state law and not raising a federal question. 16 Moore's Federal Practice § 107.14[3][a] (3d ed. 2010). Therefore, if a plaintiff's well-pleaded complaint filed in state court does not allege a federal question, the defendant ordinarily cannot remove the case to federal court, even if his defense is based on federal law. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Caterpillar, Inc., 482 U.S. at 393; Barbara v. New York Stock Exchange, Inc., 99 F.3d 49, 53 (2d Cir. 1996).

The removal statute itself, 28 U.S.C. § 1441(a) & (b), specifically requires a case is removable only if it could have originally been filed in federal court. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563 (2005). Subsection (a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Subsection (b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be

3

removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b) (emphasis added). As discussed above, Plaintiff's complaint does not arise under the Constitution, laws or treaties of the United States. Thus, this Court does not have original jurisdiction over Plaintiff's complaint, and it was not properly removable to federal court. See Caterpillar Inc., 482 U.S. at 392; Barbara, 99 F.3d at 53.

Lack of removal jurisdiction may be raised by the Court sua sponte. Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c)(emphasis added). Thus, once the Court determines that it does not have subject matter jurisdiction, a remand is mandatory.

Accordingly, because it is clear from the Notice of Removal and the State court Complaint that there is no basis for federal jurisdiction, the Court recommends that the case be remanded to State court without any assessment of costs and expenses. Upon the District Judge's approval of this recommended remand, the Clerk should mail a certified copy of the Order of Remand to the Clerk of the State court.

This is a Recommended Ruling. See Fed. R. Civ. P. 54(d)(2)(D) and 72(b)(1). Any objection to this Recommended Ruling must be filed within 14 days after service. See Fed. R. Civ. P. 72(b)(2).

SO ORDERED, this __8th__ day of February, 2011, at Bridgeport, Connecticut.

    __/s/ *William I. Garfinkel*__
    WILLIAM I. GARFINKEL
    United States Magistrate Judge