UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RISTA MALANCA,     :
  Plaintiff,      :
            :
 v.          :   Case No. 3:11cv0056 (SRU)
            :
KEYIN T. WORTH,    :
  Defendant.     :

**RULING AND ORDER**

On February 8, 2011, Magistrate Judge William I. Garfinkel issued a recommended ruling that would remand this case to state court.  I now review Judge Garfinkel's recommended ruling *de novo*.  For the reasons that follow, the recommended ruling (doc. #15) is APPROVED and ADOPTED.

**I. Background**

On December 14, 2010, the plaintiff filed a complaint in state court alleging that the defendant had violated regulations of Connecticut's Inland Wetlands and Watercourses Commission.  On January 11, 2011, the defendant removed the case to federal court.  On February 8, 2011, Judge Garfinkel issued a recommend ruling that the case be remanded to state court.

On March 7, 2011, the defendant filed a counterclaim against the plaintiff, alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986, violations of the Racketeer Influenced and Corrupt Organizations Act, violations of the Federal Tort Claims Act, violations of the Interstate Commerce Act, intentional infliction of emotional distress, and defamation.  She seeks a temporary and permanent injunction, and sanctions.  The same day the defendant filed a third-

party complaint alleging identical claims against Donald Stein, Town of Barkhamsted, Barkhamsted Inland Wetlands Commission, the plaintiff, and John Does.

## II.     Standard of Review

The District Court makes a *de novo* determination of the portion of a recommended ruling to which an objection is made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Resolution Trust Corp. v. Camhi*, 861 F. Supp. 1121, 1124 (D. Conn. 1994) ("[T]he Court reviews the defendants' motions *de novo*.").  The court may adopt, reject, or modify, in whole or in part, the magistrate judge's recommended ruling.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III.    Discussion

### A.   Counterclaims and Third-Party Claims

Federal "district courts of the United States . . . are courts of limited jurisdiction," and as such can only hear those claims conferred by the Constitution or Congress.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks omitted).  For the most part, federal courts only have the ability to hear cases between diverse citizens (that is, citizens from different states or countries), or cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

A case "arises under" the Constitution or federal laws when the federal claim is "an element, and an essential one, of the plaintiff's cause of action."  *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936).  A case does not arise under a federal claim when the claim is merely a defense to the complaint.  Furthermore, federal claims that are raised in counterclaims "cannot serve as the basis for 'arising under' jurisdiction."  *Holmes Grp., Inc. v. Vornado Air Circulation*

2

*Sys.*, 535 U.S. 826, 831 (2002); *Massad v. Greaves*, 554 F. Supp. 2d 163, 166 (D. Conn. 2008).

Similarly, the defendant cannot remove this action solely on the basis of her third-party claim.

*See* 28 U.S.C. § 1441(a); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327

n.22 (5th Cir. 1998) (stating a defendant/third-party plaintiff such as Worth may not remove a

case to federal court based on a third-party claim); *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp.

2d 357, 372-77 (S.D.N.Y. 2006) (analyzing circuits' treatment of third-party removal).

Therefore, the defendant cannot remove this case on the basis of federal questions raised in either

her counterclaim or third-party complaint.

  B. <u>Artful Pleading Doctrine</u>

      The plaintiff also alleges that this case falls within one of the exceptions to the well-

pleaded complaint rule, namely the artful pleading doctrine.  Under that doctrine, a defendant

can remove a case where the plaintiff has "strategically assert[ed] solely state law claims in order

to preclude removal when the real nature of the claim is federal."  *Hanson v. U.S. Airports Air

Cargo, LLC*, No. 3:07cv353, 2008 WL 4722594, at *2 (D. Conn. Oct. 15, 2008).

      Here, the plaintiff alleges that the defendant violated regulations adopted by the Inland

Wetlands and Watercourses Commission ("the Commission").  The defendant argues that federal

laws are necessarily implicated by that claim, because the statute's legislative findings state that

it is the purpose of the statute to "maintain[] and improve[e] water quality in accordance with the

highest standards set by federal, state or local authority."  Conn. Gen. Stat. § 22a-36.  But the

court will not necessarily need to look to the federal laws to determine whether the defendant has

violated a regulation of the Commission.  In short, the plaintiff has not disguised a federal claim

as a state claim.

As a result, removal is not appropriate in this case.  That does not mean that the defendant loses her federal claims; she is free to bring them in state court.  But because the plaintiff's complaint does not present a federal question, this court does not have jurisdiction.

**IV.     Conclusion**

For the reasons stated above, I conclude that this case was improperly removed to federal court.  Therefore, the recommended ruling (doc. #15) is APPROVED and ADOPTED.  The plaintiff's motion to remand to state court (doc. #13) is GRANTED, and the defendant's motion to transfer to another district (doc. #25) is DENIED AS MOOT.  The case is remanded to the Superior Court.

It is so ordered.

Dated at Bridgeport, Connecticut this 16th day of March 2011.


/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

4